BEATTIE INV. CO. v. UNITED STATES.

District Court, E. D. Missouri, E. D.
March 28, 1938.

192

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., Marshall Craig, Asst. U. S. Atty., of Charleston, Mo., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to Atty. Gen.

Charles C. Allen, Jr., of St. Louis, Mo., for plaintiff.

DAVIS, District Judge.

Plaintiff brings this action to recover a capital stock tax and interest alleged to have been erroneously assessed. The parties, by stipulation, waived a jury, and the cause was submitted to the court.

### Findings of Fact.

1. Plaintiff is a corporation organized and existing under the laws of Missouri, and has its principal place of business in the city of Saint Louis, Mo.

2. Plaintiff is engaged solely in the business of owning and holding interest bearing obligations of the United States.

3. The nominal capital' stock of plaintiff consisted of 450 shares of the par value of $100 each; that all of the capital stock is owned and held by the Boatmen's National Bank of Saint Louis, and that all of the capital and surplus of plaintiff has been contributed by the said bank.

4. Plaintiff makes its return for income taxes to the United States on the basis of the calendar year.

.5. Plaintiff, on December 31, ·1933, had nominal capital stock of $45,000 and a surplus of $1,995,000.

6. Plaintiff, on June 30, 1934, made a return for capital stock tax for the year then ending, and declared $500,000 as original declared value of its capital under the provisions of section 701 of the Revenue Act of 1934, 26 U.S.C.A. § 1358.

7. Plaintiff, on March 15, 1934, paid and delivered to the Boatmen's National Bank, its sole stockholder, $500,000 in cash of its surplus.

8. Plaintiff, on July 30, 1935, made its return for capital stock tax for the year ending June 30, 1935, and in said return deducted, in arriving at the value of its capital, the sum of $500,000, on account of having paid over that amount to the bank.

9. The Commissioner, on March 11, 1936, disallowed this deduction, and assessed an additional tax upon plaintiff on account thereof in the sum of $500, with interest in the sum of $21.52, a total of $521.52, which sum was paid by plaintiff.

10. Plaintiff thereafter, on September 26, 1936, filed with the collector of internal revenue in Saint Louis, Mo., a claim for refund of the said tax and interest, which claim was, on November 4, 1936, denied by the collector, and on December 29, 1936, this action was instituted.

### Comment.

Plaintiff takes the position that the tax was erroneously assessed for the reason that the payment by it of the sum of $500,-000 to the bank was a distribution in liquidation under section 701(f) of the Revenue Act of 1934, 26 U.S.C.A. § 1358(f), hence, its declared capital was properly reduced by that amount and no capital stock tax could be properly assessed.

Defendant takes the position that the declared value of plaintiff's capital stock was not reduced by a distribution in liquidation.

The Revenue Act of 1934, § 701, 26 U.S.C.A. § 1358, provided in substance as follows:

Paragraph (a), an excise tax of $1 for each $1,000 of the adjusted declared value of the capital stock of domestic corporations is imposed beginning with the year ending June 30, 1934.

Paragraph (f), the adjusted declared value of the capital stock for the first year shall be the value as declared by the corporation in its first return under this section. For any subsequent year the adjusted declared value of the capital stock shall be the original declared value plus certain additions, with which we are not concerned in this case, "minus (A) the value of property distributed in liquidation to shareholders." There are also other minus items which likewise are of no concern in this particular case. The same paragraph contains the further provision that "The

amount of such adjustment for each such year shall be computed (on the basis of a separate return) according to the income-tax law applicable to such year."

The income tax provisions of the Revenue Act of 1934, contain the following provision as to what is meant by a partial liquidation.

Section 115(i) of the Act, 26 U.S.C.A. § 115(i), "Definition of partial liquidation. As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

 The regulations of the Bureau of Internal Revenue adopted this definition of distribution in liquidation as applicable to the capital stock statute above mentioned. Consequently, when the statute states that the taxpayer may deduct from the declared value of its capital stock "the value of property distributed in liquidation to shareholders," it means, so the defendant contends, that the taxpayer may deduct only the amount of any distribution in cancellation or redemption of a portion of its stock; and no stock having been canceled or redeemed, in this case, the taxpayer is not entitled to take credit for the distribution of $500,000 to its sole stockholder.

It cannot be said with assurance that the position of the defendant is not well founded. It is in accordance with the provision of the capital stock statute above mentioned, which directs that adjustments of once declared value of capital stock be made in accordance with provisions of the applicable income tax law for the year in question. The regulations are consistent with, and in no wise contrary to, either the provisions of the capital stock or the income tax statutes.

There is little, if anything, in this record to indicate the circumstances, the manner, or the authority by which the sum of $500,000 was transferred from plaintiff to the bank. It was said in the briefs and argument that this sum was paid to this stockholder because plaintiff no longer needed it in its business. There is nothing in the evidence to warrant that inference. While minutes of the meetings of directors and stockholders covering another period were offered in evidence, we are not advised of the character or purpose of the resolution by which this immense sum of money was

paid to the bank. Under these circumstances, the transaction may as well be characterized a gift.

The taxpayer was given a degree of discretion in determining and declaring the initial value of its capital stock. But that value having been declared, it became fixed, and could only be increased or diminished in the manner set out in the law. The statute expressly declares the items that may effect an adjustment, either up or down, of the declared value. The specific mention of the items that may be used to increase or decrease the declared value excludes the possibility of the same result being accomplished in any other manner.

Conclusions of Law.

1. The declared value of plaintiff's capital stock was not reduced by the payment of $500,000 to the bank.

2. The tax complained of was not erroneously assessed and collected.

3. Plaintiff is not entitled to recover.

4. Plaintiff's motion for judgment should be, and is, overruled.

5. Defendant's motion for judgment should be, and is, sustained.

Plaintiff allowed exceptions to adverse rulings. Enter judgment accordingly.