## BEATTIE INV. CO. v. UNITED STATES.
### No. 11263.

Circuit Court of Appeals, Eighth Circuit.
March 9, 1939.

Chas. Claflin Allen, Jr., of St. Louis, Mo., for appellant.

Paul S. McMahon, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., Norman D. Keller, Sp. Asst. to the Atty. Gen., Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Marshall Craig, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the taxpayer from a judgment denying recovery of $500 and interest claimed to have been erroneously assessed and paid as capital stock taxes for the taxable year ended June 30, 1935. The opinion of the district court is reported in 23 F.Supp. 191. A jury was waived and the case submitted to the court upon a stipulation of facts. Both parties filed motions for judgment. The motion of appellant was overruled and that of appellee sustained; and upon findings of fact and conclusions of law made by the court the judgment appealed from was entered.

The question presented for determination is whether a distribution by appellant to its stockholders of $500,000 of paid-in surplus, where no stock was cancelled or redeemed, constitutes a distribution in liquidation within the meaning of section 701(f)(A) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 769, 26 U.S.C.A. § 1358(f)(A), and is a proper deduction in fixing the adjusted value of the stock in subsequent years.

The appellant, a Missouri corporation, is engaged solely in owning and holding interest bearing obligations of the United States. All of its capital stock is owned by The Boatmen's National Bank of St. Louis, Missouri. On December 31, 1933, its capital aggregated $2,000,000, consisting of $45,000 representing 450 shares of capital stock of the Par value of $100 each and of $1,955,000 of paid-in surplus.

In its first return under the act for the year ending June 30, 1934, the appellant declared $500,000 to be the value of its capital stock. In its return for the year ending June 30, 1935, in arriving at the adjusted value of its stock it deducted the sum of $500,000 as a "liquidating distribution" to its sole stockholder during the year. The Commissioner disallowed the deduction and assessed the additional tax now the subject of dispute.

The Revenue Act of 1934 imposes a tax of $1 for each $1,000 of the adjusted value of the capital stock of every domestic corporation for carrying on or doing business in the United States. 26 U.S.C.A. § 1358(a). A corporation is required to declare the value of its capital stock in its first return under the act, which declaration of value can not be amended. Section 701(f) of the act further provides: "For any subsequent year ending June 30, the adjusted declared value in the case of a domestic corporation shall be the original declared value plus (1) the cash and fair market value of property paid in for stock or shares, (2) paid in surplus and contributions to capital, (3) its net income, (4) the excess of its income wholly exempt from the taxes imposed by Title I [the applicable income-tax law] over the amount disallowed as a deduction by section 24(a)(5) of such title [the Revenue Act of 1934, May 10, 1934, c. 277, § 24, 48 Stat. 691, or a corresponding provision of a later Revenue Act], and (5) the amount of the dividend deduction allowable for income tax purposes, and minus (A) the value of property distributed in liquidation to shareholders, (B) distributions of earnings or profits, and (C) the excess of the deductions allowable for income tax purposes over its gross income; adjustment being made for each income-tax taxable year included in the period from the date as of which the original declared value was declared to the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section. The amount of such adjustment for each such year

shall be computed (on the basis of a separate return) according to the income tax law applicable to such year."

The appellant contends that the claimed deduction is allowable under subdivision (A) of subsection (f) of the statute as "the value of property distributed in liquidation to shareholders." The Commissioner of Internal Revenue in rejecting the claim for deduction on that basis directed attention to the last sentence of that part of the statute quoted supra providing that "The amount of such adjustment * * * shall be computed * * * according to the income tax law applicable to such year." The provisions of the income tax law claimed to be applicable and in force on June 30, 1935, are subdivisions (c) and (i) of section 115 of the Revenue Act of 1934, 26 U.S.C. § 115(c)(i), 26 U.S.C.A. § 115(c)(i), as follows:

"(c) *Distributions in liquidation.* Amounts distibuted in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock.

   \*     \*     \*     \*     \*     \*

"(i) *Definition of partial liquidation.* As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

The lower court sustained the interpretation of the statute adopted by the Commissioner and held that the distribution was not deductible as a liquidation to shareholders within the meaning of the statute because it was not in redemption of stock.

■ We have reached the conclusion that the Commissioner and the court properly construed and applied the law. The contention of the taxpayer that such an interpretation is not correct because it is unreasonable and unjust is not persuasive. It is argued that the real capital of a corporation is pro tanto liquidated by a distribution to its stockholders of a part of its paid-in surplus. Conceding this to be true when the word "liquidate" is used in the popular sense, it does not aid the appellant here for the reason that the word is defined in the act in language clear and definite; and it is there restricted in its application to "distributions in complete cancellation or redemption of all or a portion of its (the corporation's) stock." It is not claimed that so construed the act violates any constitutional provision. The fact that it may be a seeming injustice in some cases is therefore not a matter which the courts have power to correct. Congress alone can give relief in such a case. Magnano Co. v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109; Fox v. Standard Oil Co., 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780. The court may neither enlarge nor restrict by construction the application of a statute which is clear and unambiguous. There is nothing in such a statute to construe. Lake County v. Rollins, 130 U.S. 662, 98 S.Ct. 651, 32 L.Ed. 1060; Thompson v. United States, 246 U.S. 547, 38 S.Ct. 349, 62 L.Ed. 876; Thompson v. Siratt, 8 Cir., 95 F.2d 214.

■ Appellant contends that in providing that "The amount of such adjustment for each such [subsequent] year shall be computed * * * according to the income tax law applicable to such year" Congress did not in fact mean the "amount of such adjustment", but it meant "the amount of net income or net loss of the corporation." So construed section 115 of the Revenue Act of 1934 would apply only to the additions and the deductions other than distributions in liquidation provided for in section 701(f) of the act. Nothing in the statute itself is pointed out to sustain this interpretation and no authority has been found to support it. The language of the statute is inclusive; and the word "amount" embraces all the items entering into the "adjustment".

■ Article 43(5)(A) of Treasury Regulations 64 promulgated under the Revenue Act of 1934 defines the term "liquidation" as having the same meaning as the provisions of the applicable income tax law respecting distribution by corporations. It is argued that the regulation is void because Congress did not confer power upon the Commissioner to define the terms of the statute. The question of whether or not the regulation is ultra vires is immaterial since it expresses what we hold to be the plain meaning of the statute itself. The statute and the regulation are entirely consistent and harmonious.

The meaning of the law is clear. The Commissioner and the lower court correctly applied it to the facts. The judgment is affirmed.