## ARTHUR IRON MINING CO. v. LANDY, Collector of Internal Revenue.

### No. 11358.

Circuit Court of Appeals, Eighth Circuit.
April 26, 1939.

Rehearing Denied May 10, 1939.

Pierce Butler, Jr., of St. Paul, Minn. (Francis D. Butler, J. C. Foote, and Doherty, Rumble, Butler, Sullivan & Mitchell, all of St. Paul, Minn., on the brief), for appellant.

Morton K. Rothschild, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Paul S. McMahon, Sp. Assts. to the Atty. Gen., and Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment in favor of the Collector of Internal Revenue, appellee, and against the appellant for costs in an action brought to recover $823.46 and interest, $750 of which was paid as a deficiency capital stock tax and $73.46 as interest thereon.

The appellant, a Minnesota corporation, was organized in 1906 with an authorized capital stock of 500 shares of the par value of $100 each. All of its stock was issued in exchange for mining leases the value of which greatly exceeded $50,000. The excess of the value of its assets above the par value of its stock is carried on its books as paid-in surplus or by some other appropriate heading. The bookkeeping titles are not material.

The original declared value of the stock for capital stock tax purposes was $12,-713,752.23. The undisputed adjusted declared value for the year ending June 30, 1935, was $11,096,030.72. In arriving at the adjusted value of the stock of a domestic corporation for any year subsequent to the first section 701(f) (A) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 769, Title 26 U.S.C. § 1358, 26 U.S.C.A. § 1358(f) (A) provides that the taxpayer may deduct from the declared value "the value of property distributed in liquidation to shareholders." During the tax year appellant distributed to its shareholders out of its paid-in surplus the sum of $750,000 for which it claimed an additional deduction which would reduce its adjusted val-

ue to the sum of $10,346,030.72. The deduction was claimed as the "Total cash and fair market value of property distributed in liquidation to shareholders". The deduction was believed to be allowable under subsection (f) (A) of section 701 of the Act quoted supra. The deduction was not allowed by the Commissioner and a deficiency for the amount here in dispute was assessed and collected. A claim for refund was rejected and this action followed. At the time the distribution was made to the shareholders none of the outstanding stock of the corporation was redeemed, cancelled or retired.

The question presented for determination is whether a distribution of paid-in surplus to its shareholders by a domestic corporation, no stock being redeemed, constitutes a distribution in liquidation within the meaning of section 701(f) (A) of the Revenue Act of 1934, and is allowable as a deduction in determining the adjusted declared value of the capital stock of such corporation.

The statute (section 701(f) provides that "The amount of such adjustment for each such year shall be computed (on the basis of a separate return) according to the income-tax law applicable to such year."

The applicable income tax law is section 115(i) of the Revenue Act of 1934, Title 26 U.S.C. sec. 115(i), 26 U.S.C.A. § 115(i) reads as follows: "(i) *Definition of partial liquidation.* As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

The contention of appellant is that section 115(i) of the income tax law is not applicable; that to render it applicable it would be necessary to strike therefrom the words "As used in this section" and the quotation marks enclosing the term "amounts distributed in partial liquidation", or to add "As used in this section and in section 701(f) of this Act."

The reasoning in support of this contention is not convincing. The use of the words "As used in this section" restricts the definition in subsection (i) to section 115 of the income tax law but it does not limit the power of Congress to adopt that definition by reference in section 701(f)

of the capital stock tax law. In the case of Beattie Investment Co. v. United States, 8 Cir., 101 F.2d 850, this court held that the plain and unambiguous language of the statute required it to be so construed. That case can not be distinguished from the instant case, and the decision there is controlling here.

Affirmed.