**FIRST NAT. PICTURES, Inc., v. UNITED STATES.**

No. 44773.

Court of Claims.

April 1, 1940.

Lawrence A. Baker, of Washington, D. C. (John A. Selby, Henry Ravenel, and Henry H. Elliott, all of Washington, D. C., on the brief), for plaintiff.

139

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

GREEN, Judge.

The facts material to the decision on the demurrer, as shown by the petition, are that the plaintiff for the fiscal year 1934 filed a capital-stock-tax return declaring the value of its capital stock as $21,000,000. For 1935, it filed a return purporting to comply with section 701 of the revenue act of 1934 showing an adjusted declared value of $23,577,000. The plaintiff was on a fiscal basis for income-tax purposes with the year ending August 31. The 1934 return purported to show the value as of August 31, 1933, and the value stated in the 1935 return was as of August 31, 1934.

On August 24, 1934, the plaintiff's stock was owned by Warner Bros. Pictures, Inc., a Delaware corporation, and on that date all the assets and properties of the plaintiff of every description were conveyed to Warner Bros. Pictures, Inc., in exchange for all the capital stock of plaintiff. The capital-stock tax reported to be due on the return for the fiscal year 1934, namely, $23,577, was paid by Warner Bros. Pictures, Inc., on July 30, 1935, in the name of and in behalf of the plaintiff, believing it to be a liability of plaintiff which was assumed by Warner Bros. Pictures as a part of the agreement of the transfer of the assets.

On October 29, 1935, the plaintiff filed an amended return for the taxable year 1935 reporting the value of its capital stock as "None"; and on the same date filed a claim for refund of the capital-stock tax paid. The basis of the claim was that plaintiff, prior to the close of its income tax fiscal year, had transferred all its assets to its stockholders and that plaintiff had no assets or liabilities and was in process of dissolution. The claim was rejected on July 14, 1936, for lack of evidence of the fair market value of the property distributed in liquidation to stockholders. On November 23, 1938, plaintiff filed another claim for refund of $23,577 paid for the taxable year ending June 30, 1935, stating that its claim should be allowed for the following reasons:

"Prior to August 31, 1934, the close of the last income-tax taxable year of the claimant ended prior to the close of the capital-stock-tax taxable year ended June 30, 1935, claimant distributed in liquidation to shareholders property of a value within the meaning of Section 701(f) (A) of the Revenue Act of 1934 of, to wit, $23,577,-213.18.

"In filing its capital-stock-tax return for the capital-stock-tax taxable year ended June 30, 1935, claimant erroneously failed to decrease the original declared value as adjusted of its capital stock by the value of property distributed in liquidation, which adjustment is required by Section 701(f) (A) of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Acts."

This second claim was rejected by the Commissioner on the ground that it was no more than a duplication of the claim filed on October 29, 1935, and rejected on July 14, 1936, and that the two-year period for filing suit had expired before the second claim was filed.

Defendant's demurrer is based on the premise that the claim for refund filed November 23, 1938, was the same as the claim filed October 29, 1935, and rejected July 14, 1936, and that under the decision of this court in B. Altman & Co. v. United States, 40 F.2d 781, 69 Ct.Cl. 721, the two-year period of limitation for filing suit expired July 14, 1938. This suit was not commenced until July 29, 1939.

We do not think the two claims can be regarded as one and the same, although they ask for the same amount of refund. They were based on altogether different theories and were supported by different facts. In other words, the grounds of the two claims were quite different. The first claim was insufficient because, as hereinafter shown, it did not conform to the statute or the regulations, while there is no contention that the second claim is not valid in form. The basis of the first claim is that the taxpayer had transferred its assets and liabilities in return for the surrender of all its capital stock and that at the close of the taxable year had no assets or liabilities and was in process of dissolution. This, as we will show hereinafter, is not sufficient to establish plaintiff's right to a refund.

The basis of the second claim is that in determining the taxability of the plaintiff the taxpayer should be given credit for the value of property distributed in liquidation

140

to shareholders which is stated at an amount equaling the declared value with statutory additions and which would make the "adjusted declared value" nothing.

██ The insufficiency of the first claim will appear from an examination of the statute which makes the "adjusted declared value" the controlling factor in determining the tax after the first year.

██ The tax is applied to the first year on the basis of the declared value of the stock which is fixed by the taxpayer and may or may not be its real value. Usually it is not. After the first year, as the law then stood, the tax is determined in accordance with what was denominated in the statute (section 701(f) of the Revenue Act of 1934) the "adjusted declared value" which again may or may not be the real value, and this "adjusted declared value" must be determined in accordance with the statute. Having once elected and fixed the declared value, the taxpayer must adhere to it and can have it reduced only in the manner provided in the statute. Section 701 of the act referred to provides for a reduction from the original declared value by the value of property distributed in liquidation. The first claim does not allege as a ground therefor that the property of the corporation had been distributed in liquidation as required by the statute, and if it can be said to be supplemented in that respect by the amended return, that return is also insufficient to comply with the statute. Section 701(f) of the Revenue Act of 1934, to which we have referred above, allows a deduction for "the value of property distributed in liquidation to shareholders," but this is the actual value of the property so distributed and it cannot be measured in accordance with the "declared value" as stated in the amended return, for the declared value being purely elective furnishes no method of determining the actual value and the taxpayer is not permitted to fix the "adjusted declared value" in this manner. The "adjusted declared value" therefore does not appear in the first claim. The Commissioner could, if he saw fit, waive this defect to the extent of permitting the taxpayer to show the actual value of the property distributed and if this actual value had been shown it might be argued that the defective statement in the claim had been properly supplemented. But, as shown by exhibits attached to the petition, the plaintiff refused to offer any evidence of actual value and the claim as it was filed did not comply with the statutory requirements.

The first claim asserted that the plaintiff had transferred to its stockholders all its assets and liabilities in consideration of the surrender to the plaintiff of all its capital stock but it did not definitely show that this transfer had been made in liquidation to the shareholders and it made no statement whatever as to the actual value of the property transferred as required by the statute in order to properly obtain the "adjusted declared value" without which the taxability of plaintiff could not be determined. For the reasons set out above, we conclude that the first claim was insufficient.

██ We have therefore a case in which an insufficient claim was rejected on the ground above stated and suit not brought thereon within the limitations of bringing a suit after a rejection. This fact, in our opinion, does not prevent the filing of a different claim which is sufficient, within the period in which such claims may be filed and bringing a suit within the statutory period after its rejection—all of which, in our opinion, the plaintiff has done.

██ The second claim is not as definite as it might be, but it sets out facts which show that the value of the property distributed in liquidation to shareholders equals the amount of the original declared value of the capital stock together with statutory additions thereto as shown by the amended return and that the "adjusted declared value" was therefore nothing. As before stated, neither the Commissioner nor counsel for defendant has contended that the second claim was insufficient. Their sole ground for its rejection is that it was in substance and effect the same as the first claim. With this contention we do not agree.

The Altman case, supra, which is discussed in argument by counsel, merely held that when a claim for refund has been filed and disallowed, the time for bringing suit after the disallowance thereof will not be extended by filing another claim exactly the same as the first in substance and effect. As we have held in this case that the two claims involved were not the same, the decision has no application here.

The demurrer must be overruled, and it is so ordered.

WILLIAMS, Judge, took no part in the decision of this case.