## CHICAGO TELEPHONE SUPPLY CO. v. UNITED STATES.

### No. 43656.

Court of Claims.

Nov. 12, 1940.

Edward J. Metzdorf, of Chicago, Ill., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and George H. Foster, all of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

GREEN, Judge.

This suit is to recover the amount of excess profits tax paid for the year 1935. There is no dispute as to the facts in the case, and the sole issue presented is whether when the taxpayer has declared the value of its capital stock, pursuant to section 701 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 787, such value must be used as the basis of excess profits taxes for a subsequent year, notwithstanding it is established that the real value of the capital stock was greatly in excess of the amount declared; and if so construed, are the statutory provisions imposing the tax constitutional?

The question involved in the instant case was fully discussed and considered in the three cases of Servel, Inc. v. United States (United Motors Service v. United States, and General Motors Corporation v. United States), Ct.Cl., 35 F.Supp. 466, wherein an opinion was this day rendered. These cases involved the validity of the capital stock tax; but as we have heretofore held, with the approval of the Supreme Court, the capital stock tax and the excess profits tax are so interrelated that they cannot be properly considered separately. They are in fact a combination, the effect of which cannot be determined by consideration of only one of them. The opinion rendered in the three cases to which reference is made above, covers fully every point now made in the case at bar.

The plaintiff contends that the word "value" as used in the statute means "actual value," and that since the basis of the tax under this construction is the declared actual value, the clause in subsection (f) of section 701, which states that a "declaration of value cannot be amended," is limited to the declaration of value for the initial year and does not preclude an amendment for a subsequent year of an initial declaration of value which is untrue and substantially incorrect for such subsequent years; and that if the clause be otherwise construed it would

472

create a conclusive presumption in violation of the Fifth Amendment to the Constitution, or, if the phrase "declared value" be construed to mean a declaration of value irrespective of the actual value, then the basis of the tax is a fictitious value and the provisions of the Act are arbitrary and unconstitutional and delegate legislative power to private persons. It is probably unnecessary to say that this argument is based upon unsound foundation as it has been repeatedly held in the previous decisions of this court and many other courts, including the Supreme Court, that the declared value need not conform to the actual value of the capital of the corporation. Cf. Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340, as quoted in the opinion on the three cases to which reference has been made above.

■ The statute also provided (as it then stood) that the declaration of value declared in the first return could not be amended, and plaintiff insists that if the provision is followed literally the statute is arbitrary and discriminatory and for that reason must be declared unconstitutional and void. This question also was fully considered in the three cases above cited, and the objection to the statute on this ground was held not well taken.

■ It may be well to note that in the instant case the plaintiff declared the value of its capital stock as of June 30, 1934, as $430,-000, and the adjusted declared value of its capital stock as of June 30, 1935, as $509,-980.79. The plaintiff now says that the value of its capital stock at all times during the years 1934 and 1935 was in excess of $1,310,-000. Such a gross discrepancy shows clearly that the plaintiff was making no effort to declare the true value of its capital stock but on the contrary to avoid being taxed in the manner intended by the statute. We repeat a statement we made with reference to a similar situation in the cases above cited—that if the plaintiff in its endeavor to avoid taxation made a false valuation of its stock, and as a result has paid a somewhat higher excess profits tax than it would if it had tried to conform to the statute by stating its value according to the best of the knowledge and belief of its officers, the fault is not with the statute but in its own conduct. Nor is it any valid objection to the statute that it is so framed as to counteract in some degree efforts of this kind.

We hold that the objections of the plaintiff to the statute are not well taken and this conclusion has uniformly been upheld in a number of cases. The precise question involved in the instant case was passed upon in Stromberg-Carlson Manufacturing Co. v. McGowan, D.C., 32 F.Supp. 101, and Hornell Ice & Cold Storage Co. v. United States, D.C., 32 F.Supp. 468, decided adversely to the taxpayer.

In the Stromberg-Carlson Manufacturing Co. case, supra [32 F.Supp. 103], the court said: " * * * the tax imposed in an adjustment year may not be said to be based on a valuation of capital stock that is arbitrary and unreasonable."

In the Hornell Ice & Cold Storage Co. case, supra, the opinion after elaborately discussing the statutes on all points holds that the Act is constitutional both as to the first year and the subsequent years.

Our conclusion is that the statute is constitutional, and that the plaintiff's petition must be dismissed. It is so ordered.