KOPPERS CO. v. DRISCOLL, Collector of Internal Revenue.

No. 649 Civil Action.

District Court, W. D. Pennsylvania.

Aug. 12, 1941.

58

Thomas J. Michie, Jr., and J. Reynolds Smith, both of Pittsburgh, Pa., and Charles D. Evans, John E. McClure, and David W. Richmond, all of Washington, D. C., for plaintiff.

Charles F. Uhl, U. S. Atty., and George Mashank and Elliott W. Finkel, Asst. U. S. Attys., all of Pittsburgh, Pa., and Paul S. McMahon, Sp. Asst. to Atty. Gen., for defendant.

GIBSON, District Judge.

The plaintiff is successor in interest to the Aden Company, the taxpayer. The Aden Company was incorporated under the laws of Delaware on July 18, 1928, and had its principal office in Pittsburgh, Pennsylvania, until October 14, 1936, when it surrendered its charter and was dissolved. The plaintiff herein was its sole stockholder.

For the period ending June 30, 1934, the Aden Company had declared the value of its capital stock as $345,000. In 1935 the Koppers Gas & Coke Company (later name changed to Koppers Company), then its sole stockholder, contributed to the capital surplus of the Aden Company certain notes held by affiliated companies amounting in value to $4,538,084.67. On September 4, 1934, the Aden Company, at a special meeting, declared a dividend payable in the said notes, with accrued interest, a total of $4,568,457.07. On October 4, 1934, the taxpayer declared a dividend of $78,931.21 out of earned surplus. It will be noted that the value of the capital stock of the Aden Company was reduced by these dividends, less the dividends declared upon earnings, by the amount of $4,536,797.94.

The Aden Company, by its return for the taxable period ending June 30, 1935, in arriving at its adjusted capital stock declared value, returned as "Distributions of earnings or profits" the sum of $4,950,988.28. In that amount was included the sum of $414,190.34, actually distributed from earnings, and to that amount the Commissioner of Internal Revenue took no exception. He objected, however, to the claim of $4,536,797.94, distributed from surplus, and proposed to assess additional capital stock tax upon that amount. After a conference between the Aden Company and the Commissioner, the Company agreed that the amount in question was not properly deductible as a distribution of earnings, but contended that it was deductible as a distribution in liquidation under the adjustment of capital stock value contemplated by Section 701(f) (A) of the Revenue Act of 1934, 26 U.S.C.A. Int. Rev.Acts, page 788.

The Commissioner held that the deduction claimed was not allowable under the Act of 1934, and advised of his intention to assess a deficiency tax. Thereupon the Aden Company paid the additional tax demanded, $4,537, filed a claim for refund and, upon its rejection, brought the present action to recover the amount paid.

It is apparent from the foregoing that the taxpayer was required to pay a capital stock tax of $4,537 upon capital which it did not actually possess, and that natural equity would require a judgment in favor of the plaintiff unless statutory provision prevents. Unfortunately for the plaintiff, such provision exists.

Section 701(f) of the Revenue Act of 1934 provides, inter alia: " * * * For any subsequent year ending June 30, the adjusted declared value [of capital stock] in the case of a domestic corporation shall be the original declared value plus * * * and minus (A) the value of the property distributed in liquidation to shareholders * * *; adjustment being made for each income-tax taxable year included in the period from the date as of which the original declared value was declared to the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section. The amount of such adjustment for each such year shall be computed (on the basis of a separate return) according to the income tax law applicable to such year."

The income tax law applicable herein is the Revenue Act of 1934, and if plaintiff is entitled to the recovery of the tax in suit, it must base its claim upon the proposition that the return of $4,536,797.94 by the Aden Company to the Koppers Company was a partial liquidation under the terms of that Act. That Act defines partial liquidation.

Section 115 of the Act is in part as follows:

* * *

"(c) Distributions in liquidation. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation

of a corporation shall be treated as in part or full payment in exchange for the stock:

\* \* \*

"(i) Definition of partial liquidation. As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock." 26 U.S.C.A. Int.Rev.Code, § 115(c, i).

The court may vainly attempt to surmise the reason for the provision in the Act confining partial liquidations to such liquidations as were accompanied by cancellation or redemption of a part of its capital stock, but that fact gives it no ground whatsoever for failure to obey it. The Aden Company did not cancel or redeem any of its stock at the time the special dividend in question was declared, and this fact precludes plaintiff from recovery. The special dividend was not the partial liquidation defined by the Act of 1934.

Judgment must be entered in favor of defendant.

The same question involved herein was before the Circuit Court of Appeals for the Eighth Circuit in Beattie Inv. Co. v. United States, 101 F.2d 850, and Arthur Iron Mining Co. v. Landy, 103 F.2d 164. The decision of this court is in accord with the decision in each of those cases.