**UNITED STATES v. GOGGIN.**

No. 9805.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Helen R. Carloss, Julian G. Gibbs, C. Stanley Titus and Edward First, Sp. Assts. to the Atty. Gen., William Fleet Palmer, U. S. Atty., and Edward H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellant.

Robert B. Powell, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a judgment of the District Court refusing to confirm, and vacating order of the referee fixing and allowing capital stock tax under 26 U.S.C.A Internal Revenue Code, § 1200 (a), for the year ending June 30, 1940, in the sum of

$202 against appellee, George T. Goggin, as trustee in bankruptcy of the estate of Acme Traffic Signal Company, a corporation, bankrupt, and determining that the bankruptcy court has the power to determine the capital stock tax in accordance with the real value of the assets of the bankrupt estate, rather than according to the adjusted declared value as determined in accordance with Section 1202 of the Internal Revenue Code, as amended by Section 301 of the Revenue Act of 1939, c. 247, 53 Stat. 862, 882, 26 U.S.C.A. Int.Rev.Code, § 1202.

Under Section 1200 (a) of the Internal Revenue Code a capital stock tax is imposed on "every domestic corporation with respect to carrying on or doing business for any part of such year", in this case being the year ending June 30, 1940, and the tax is measured by the adjusted declared value of the capital stock. Under Section 1202 the adjusted declared value for that year is the value as declared by the corporation in its return for the year ended June 30, 1938, subject to such adjustments as are specifically authorized by the statute.

Appellee, on August 1, 1938, filed a capital stock tax return for the year ending June 30, 1938, in which the capital stock was given a declared value of $200,000. The 1939 capital stock tax return, filed on July 28, 1939, reported an adjusted declared value of $198,412.46 for the taxpayer's stock. The corporation was adjudicated bankrupt May 13, 1940, and the trustee refused to sign the 1940 return prepared by the Collector of Internal Revenue, and the Collector thereupon made the return in accordance with Section 3612 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3612, but the record does not show on what date. In the preparation of this 1940 return the Collector started with the adjusted declared value of $198,412.46 reported in the bankrupt's 1939 capital stock tax return. The sum of $13,446.20 was deducted from this amount as the amount of loss occurring during the previous income tax year, according to the taxpayer's books. The record does not indicate whether the taxpayer kept its books on the basis of a calendar or fiscal year. Thus an adjusted declared value of $184,966.26 was arrived at for the tax year ending June 30, 1940. On July 15, 1940, the Collector filed the claim of the United States for taxes against the bankrupt.

No question is raised as to the correctness of the adjusted declared value of $184,966.26 as determined by the Collector, if such adjusted declared value is to be determined as provided by Section 1202 of the Internal Revenue Code, but it is claimed that by reason of the adjudication of bankruptcy of appellee in May 13, 1940, a new and different taxing entity is involved, and that the bankruptcy court should determine the tax in accordance with the real value of the assets of the bankrupt estate. It is admitted that the trustee was able to obtain no more than $5,100 from the sale of all of the bankrupt's assets.

What was the effect of the adjudication of bankruptcy on the adjusted declared value? Section 1202(c) of the Internal Revenue Code provides that the year in which bankruptcy is *terminated* shall be a declaration year, but this is not to say that the method of arriving at the value of the capital stock of a corporation in bankruptcy for part of a taxable year, for capital stock tax purposes should be varied from that of other corporations. If Congress had so intended it could have so provided.

Treasury Regulations 64 (1938 Edition), Art. I provide: "(j) The term 'taxable year' means any 12-month period after June 30, 1937, beginning July 1 and ending June 30, *or any fractional part thereof.*" (Italics added.) "(k) The term 'income-tax taxable year' means a calendar year, fiscal year, or fractional part of a year with respect to which the corporation is required to file a Federal income tax * * * (m) The term 'declaration year' means (1) the first year of each 3-year period for which a corporation, whether domestic or foreign, is subject to the tax, (2) the capital stock tax year beginning with or within an income-tax taxable year within which bankruptcy or receivership, due to insolvency, of a domestic corporation, is terminated. * * *"

Article 35 provides: "Return of corporation in receivership.—If at the time for filing a return all the property of a corporation is in custody of a receiver (including a trustee in bankruptcy or other like representative) the return shall be filed by the receiver. Where the business was operated by the corporation *for any part of the taxable year,* the return of the receiver shall be complete, including (1) a declared value for the capital stock if the return is made for a declaration year, or (2) an ad-

justed value for the capital stock if the return is made for an adjustment year * * *." (Italics added.)

Article 44 states: "* * * Thus, for the declaration year ended June 30, 1938, the value shall be declared as of December 31, 1937, if the corporation makes its income tax returns on a calendar year basis, or as of the close of any other month from July, 1937, to and including June, 1938, if its income tax returns are made on the basis of a fiscal year ending with such month. * * *"

It is our opinion, and we hold, that the plain import of the act and the regulations is that the capital stock tax for the year ending June 30, 1940, was a tax levied as an excise against the corporation for the privilege of carrying on or doing business for the whole or for any part of such fiscal year, and that since said corporation did carry on and did do business throughout said fiscal year, and up until the adjudication of bankruptcy May 13, 1940, that such capital stock tax had in effect accrued and such bankruptcy can work no change in the method of its ascertainment or of the amount of said tax. It is in short an indebtedness of the corporation the same as any other obligation owed by the corporation at the time of the bankruptcy proceedings and must be so treated.

The effect on the questions treated herein of adjudication of bankruptcy, in any subsequent tax years, is not before us.

Reversed.