## NATIONAL STEEL CORPORATION v. UNITED STATES.

District Court, D. Delaware.

March 23, 1942.

Richards, Layton & Finger, of Wilmington, Del., and Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to the Atty. Gen., for defendant.

CLARK, Circuit Judge.

This action is brought by a successor to the Producers Steamship Company to recover a refund of the Federal capital stock tax paid by the latter for the year ended

June 30, 1937. In accordance with the Revenue Act of 1935 [1] Producers Steamship Company declared a capital stock value in filing its capital stock tax return for the year ended June 30, 1936. Thereafter, Producers began liquidation on November 30, 1936, and formally dissolved on December 24, 1936. In its capital stock tax return for the year ended June 20, 1937, the adjustments of value provided for by the statute were made and a tax of $2,938 paid even though Producers was no longer in existence. Plaintiff now claims that since Producers was completely liquidated at the close of the year ended June 30, 1937, its capital stock could not have had any value and no tax at all should have been paid that year.

Plaintiff's case is built on a misconception. Plaintiff fails to perceive the purpose of the tax. As the very words of the statute clearly disclose, the tax is imposed "upon every domestic corporation with respect to *carrying on or doing business for any part of such year.*"[2] The amount of the tax is based upon the value of the taxpayer's capital stock. To ease the difficulties of administration this value is initially fixed by the taxpayer.

"In past years nothing has given the Treasury Department so much trouble or has been the cause of so much dispute with the taxpayer as the ascertainment of the value of invested capital. This was true of the war-time excess profits tax, and, more recently in an indirect sense, of the regular income tax. For example, since the tax on excess profits was based on the percentage of profits made upon the invested capital of the corporation taxed, a corporation could avoid the payment of this tax by overvaluing its capital assets. Government investigations always ended with the issue being what was a proper evaluation of these corporate assets.

"In order to avoid all this, the new law provides that each corporate body is free to declare the initial value of its capital stock, upon which the tax will be subsequently based." Wall, Legislation-Taxation-Capital Stock and Excess Profits Taxes, 10 Notre Dame Lawyer 102, 103.

The initial value declared by the taxpayer is used in subsequent years as the value of the capital stock, subject however to the adjustments specifically set forth in the statute.[3] This is one reason why the taxpayer must be careful in selecting the value it set upon its capital stock. Another reason for caution is that the excess profits tax is based upon the declared value of the capital stock. In fact the capital stock tax has a very close connection to the income tax. Corporations exempt from the corporate income tax need not pay a capital stock tax.[4] The Report of the Senate Finance Committee discloses they thought of the tax as operating in conjunction with the income tax.

"In order to avoid controversy as to the value of the capital stock, the tax is imposed for the first year on the value declared by the corporation as of the close of the last income-tax taxable year ended on or before June 30, 1934. A value for the capital stock once having been declared, such value may not be amended. A reasonable original declared value is assured by means of the excess-profits tax, which is based on the relation of the net income of the corporation to such declared value. * * *

"These adjustments are to be made for each income-tax taxable year from the date as of which the original declared value was declared to the close of the taxpayer's last

---

[1] Revenue Act of 1935, § 105, 26 U.S.C.A. Int.Rev.Acts, page 796.

[2] "The tax is an excise tax for the privilege of carrying on or doing business as a corporation." Report of the Conf. Comm., 73d Cong., 2d Sess., H. Rept. 1385, p. 33. See Union Internationale De Placements v. Hoey, 2 Cir., 96 F.2d 591; New Haven Securities Co. v. Bitgood, 2 Cir., 87 F.2d 759.

[3] "For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended),

as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section). For any subsequent year ending June 30, the adjusted declared value in the case of a domestic corporation shall be the original declared value * * * minus (A) the value of property distributed in liquidation to shareholders * * *." Revenue Act of 1935 § 105(f).

[4] Revenue Act of 1935 § 105(c); Internal Revenue Code § 1201.

income-tax taxable year ending at or prior to the close of the year for which the capital stock tax is imposed." S.Rept. 558, 73d Cong., 2d Sess. p. 7.

Since Producers Steamship Company did business during part of the year ended June 30, 1937, and had to file an income tax return for that period, Producers also had to file a return on its capital stock tax for that period and pay the tax computed in that return. Since Producers had already selected its initial capital stock value, this value could not be altered except as provided by statute.[5] The statute permits a deduction for "the value of property distributed in liquidation." Producers had to pay the capital tax computed on the adjusted value after that deduction even though the corporation was completely dissolved at the close of the year. It was in existence during part of the year and therefore must pay the tax for the privilege of doing business during this period.

Action dismissed.

---

[5] Beattie Investment Co. v. United States, 8 Cir., 101 F.2d 850, 852; United States v. Goggin, 9 Cir., 123 F.2d 432; First National Pictures, Inc., v. United States, Ct.Cl., 32 F.Supp. 138; Koppers Co. v. Driscoll, D.C., W.D.Pa., 40 F.Supp. 57.